UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>v. )<br>) <br>NOEL DOYE, )<br>)<br>Defendant. )<br>_____ ) | Cr. No. 05-188 (HHK) |

MOTION TO SUPPRESS EVIDENCE,
INCORPORATED MEMORANDUM IN SUPPORT THEREOF, AND
REQUEST FOR EVIDENTIARY HEARING

Defendant, Noel Doye, through undersigned counsel, respectfully moves this Honorable Court to suppress as evidence against him at trial the physical evidence seized by law enforcement agents as the fruit of an illegal stop, search, and arrest. This motion is made pursuant to Fed. R. Crim. P. 12(b)(3), and is supported by the discussion below. An evidentiary hearing on this motion is respectfully requested.

STATEMENT OF FACTS[1]

Mr. Doye was charged, in a one-count indictment filed May 19, 2005, with Unlawful Possession with Intent to Distribute 5 Grams or More of Cocaine Base, in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(B)(iii).

According to the police reports filed in this case, officers working the "1800-0230 tour of

---

[1] This statement of the facts is a summary based on the P.D. 163 police report provided as discovery in this case. By including in this motion the facts as alleged by government witnesses, Mr. Doye does not in any way concede that these facts are accurate or true.

duty" observed a 1994 Dodge Intrepid occupied by five males parked in front of 4219 4th Street, SE at approximately 10:30 p.m. on the night of May 4th. As officers approached the vehicle, Mr. Doye–the driver–allegedly started the vehicle and attempted to pull off. At that point, officers stopped their scout car in front of the Dodge and allegedly observed two of the rear passengers making a "stuffing motion." Officers asked Mr. Doye to turn the vehicle off and he complied. At some point, all occupants were ordered out of the car and subjected to a search. The search of Mr. Doye allegedly revealed approximately 14 grams of crack cocaine. Mr. Doye was placed under arrest.

**ARGUMENT**

I.  **THE PHYSICAL EVIDENCE MUST BE SUPPRESSED AS THE TAINTED FRUIT OF MR. DOYE'S ILLEGAL STOP AND SEIZURE.**

The Fourth Amendment of the United States Constitution requires that all searches and seizures, including searches and seizures of the person, be "reasonable." Vernonia School District 47J v. Acton, 515 U.S. 646 (1995). In order for warrantless searches and seizures to be "reasonable," they must be supported by a limited exception to the warrant requirement, such as probable cause. New Jersey v. T.L.O., 469 U.S. 325, 341-42 (1985). In the instant case, the stop and seizure of Mr. Doye were conducted in the absence of a warrant and based on no legitimate exception to the warrant requirement. Mr. Doye's stop, as well as the resulting search and seizure conducted by the law enforcement officers, were therefore unreasonable. Exclusion of the evidence recovered as a result of this Fourth Amendment violation is the appropriate remedy. Wong Sun v. United States, 371 U.S. 471 (1963).

A seizure occurs in one of two circumstances:  (1) officers apply physical force to the

individual, and/or (2) the individual submits to a show of authority by law enforcement officers. California v. Hodari D, 499 U.S. 621, 626 (1991). In order to seize an individual, officers must have either (1) probable cause to arrest the individual, see Michigan v. DeFillipo, 443 U.S. 31, 36 (1979), or (2) reasonable suspicion to conduct an investigatory stop, see Terry v. Ohio, 392 U.S. 1, 20-27 (1968).

Officers can conduct an arrest when there exist "facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." DeFillipo, 443 U.S. at 37. Officers can conduct an investigatory stop when they have reasonable suspicion, based upon articulable facts, that criminal activity "'may be afoot.'" United States v. Sokolow, 490 U.S. 1, 7 (1989) (citing Terry, 392 U.S. at 30). The government bears the burden of adducing sworn testimony sufficient to satisfy this Court that the facts and circumstances known to the seizing officers at the time they stopped Mr. Doye justified that seizure. See Florida v. Royer, 460 U.S. 491, 500 (1983); United States v. Allen, 629 F.2d 51, 55 (D.C. Cir. 1980)

In this case, evidence adduced at an evidentiary hearing will establish that Mr. Doye's stop and seizure were unlawful and that there was no probable cause to support his arrest. The government will not be able to adduce sufficient sworn testimony to demonstrate that the MPD officers possessed the requisite probable cause or reasonable suspicion to stop Mr. Doye when they did. Because the physical evidence was recovered after Mr.Doye was illegally seized, it must be suppressed as the tainted fruit of the illegal seizure. Taylor, 457 U.S. 687 (1982); Wong Sun, 371 U.S. 471 (1963).

## CONCLUSION

For the foregoing reasons, and any other reasons that the Court may deem just and reasonable, Mr. Doye requests that the Court suppress any evidence obtained by the officers as a result of his illegal arrest and of the following, illegal search.  Mr. Doye respectfully requests an evidentiary hearing on this motion.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER


_____/s/_____

Lara G. Quint
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Ste 550
Washington, D.C.  20004
(202)  208-7500

## CERTIFICATE OF SERVICE

I, Lara Gabrielle Quint, Assistant Federal Public Defender, hereby certify that a copy of the motion has been electronically served upon Rachel Lieber, Esquire, Assistant United States Attorney

_____/s/_____
LARA G. QUINT
Assistant Federal Public Defender

**DATE:** August 18, 2005.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____
Lara G. Quint
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Ste 550
Washington, D.C.  20004
(202)  208-7500

CERTIFICATE OF SERVICE

I, Lara Gabrielle Quint, Assistant Federal Public Defender, hereby certify that a copy of the motion has been electronically served upon Rachel Lieber, Esquire, Assistant United States Attorney.

/s/
LARA G. QUINT
Assistant Federal Public Defender

DATE: June 28, 2005.