UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>NOEL R. DOYE,<br>                    Defendant. | Crim. No. 05-188 (HHK)<br><br>Judge Henry H. Kennedy<br><br>Motion Hearing: October 11, 2005 |

GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION TO SUPPRESS EVIDENCE

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this opposition to defendant's Motion to Suppress Evidence. In support of this opposition, the United States relies on the following points and authorities and such other points and authorities as may be cited at a hearing regarding this motion.

I.      Factual Background

The defendant is currently charged with Unlawful Possession With Intent to Distribute 5 Grams of More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii). These charges arose out of the defendant's possession of approximately 14 grams of crack cocaine on May 4, 2005.  On that date, at approximately 10:50 p.m., Officers Richard Peake, Marcus Stevens, and George Young were on routine patrol in a marked scout car in Patrol Service Area 706, in Southeast, Washington, D.C.  As they pulled into the 4200 block of 4th Street, S.E., – an area that they, from experience, considered to be an open-air drug market and a dumping ground for stolen cars – they observed a blue Dodge Intrepid parked in front of 4219 4th Street, S.E., with five men inside.  As the officers' car got closer to the Intrepid, Office Peake noticed that the lock on the driver's side door was punched, a condition common in stolen cars. At this time, the defendant, who was driving the car, turned on the headlights, and attempted to

pull off. As Officer Peake stopped the squad car in front of defendant's car, Officers Young and Stevens observed at least one of the back seat passengers making a stuffing motion underneath the back seat.

At that point, believing that the car was stolen and that there was a gun underneath the back seat, Officer Peake approached the defendant's car, and asked him to turn it off. The defendant complied. The officers then ordered all of the occupants out of the car, and cuffed them for officer safety. At this point, the officers frisked each of the occupants. In conducting the pat-down of defendant, Officer Stevens felt several rock-like bulges in defendant's left front pants pocket. Officer Stevens asked defendant what it was, but defendant did not respond. Believing, based on his experience, that what he felt was crack cocaine, Officer Stevens reached into the defendant's pocket and pulled out approximately 14 grams of crack cocaine. A subsequent search of the backseat of the car revealed a loaded Hi Point .380 caliber semi-automatic handgun. The defendant was arrested for Possession with Intent to Distribute Cocaine, and two of the backseat passengers were arrested for Carrying a Pistol without a License.[1]

---

[1] Originally, all three defendants were charged together in the Superior Court of the District of Columbia. However, defendant's case was later charged in this Court, based on the quantity of the narcotics seized from his person. The co-defendant case remains in Superior Court.

**II.     The Officers Had Reasonable, Articulable Suspicion to Stop and Frisk Defendant, and Probable Cause to Arrest Him.**

Terry v. Ohio, 392 U.S. 1 (1968) permits police officers to temporarily "seize" a person under certain circumstances, namely in brief encounters between a citizen and the police on public streets, which require swift action because of observations the officer has made. Id. at 20. The officer may briefly "seize," or detain the citizen if he has a reasonable, articulable suspicion that "criminal activity may be afoot." Id. at 30. The officer need not be certain that the citizen is engaged in criminal activity; reasonable suspicion "is a less demanding standard than probable cause and requires a showing considerably less than preponderance of the evidence." Illinois v. Wardlow, 528 U.S. 119, 123 (2000). Thus, a Terry stop may be conducted simply "on the need to 'check out' a reasonable suspicion." United States v. Clark, 24 F.3d 299, 303 (D.C. Cir. 1994).

Because such a stop may occur on a reasonable suspicion, whether such suspicion existed in a particular situation is determined by the totality of the circumstances. Courts may not scrutinize each possible factor upon which the officer relied on in a separate and distinct manner. United States v. Sokolow, 490 U.S. 1, 8-9 (1989). "An officer on the beat does not encounter discrete, hermetically sealed facts," and for that reason while "a single factor might not itself be sufficiently probative of wrongdoing to give rise to a reasonable suspicion, the combination of several factors – especially when viewed through the eyes of an experienced officer – may." United States v. Edmonds, 240 F.3d 55, 59-60 (D.C. Cir. 2001).

In the instant situation, Officer Peake had reasonable articulable suspicion to conduct a <u>Terry</u> stop of the vehicle whose driver's side door lock had been tampered with. By ordering the defendant to turn off the car, and step out, the officers "seized" the defendant for the purposes of a lawful <u>Terry</u> stop. *See* <u>California v. Hodari D.</u>, 499 U.S. 621, 627 (1991) (<u>Terry</u> stop has occurred when either an officer physically lays a hand on an individual, or where the officer asserts his authority and the individual submits to that show of authority).

Once the officers had effectuated the lawful <u>Terry</u> stop of the car, they were justified in conducting a frisk of each of the subjects therein for weapons. In the case of Mr. Doye, Officer Stevens patted down his outer clothing and felt hard objects which, based on his experience, Officer Stevens immediately recognized to be crack cocaine. Officer Stevens's subsequent seizure of the cocaine from defendant's trousers was therefore justified under the plain feel exception to the warrant requirement. *See* <u>Minnesota v. Dickerson</u>, 508 U.S. 366 (1993) (the police may seize without a warrant nonthreatening contraband detected through the sense of touch which is discovered during protective patdown search in the course of a lawful *Terry* stop). Notably, Officer Stevens did not immediately seize the crack cocaine from defendant upon feeling it in his pocket (which he certainly was entitled to do), but instead Officer Stevens asked defendant what he had in his pocket. It was only after defendant declined to answer Officer Stevens's question that Officer Stevens reached into defendant's pocket find a bag containing crack cocaine. *See* <u>United States v. Ashley</u>, 37 F.3d 678, 680-682 (D.C. Cir. 1994) (officer, who felt rock substance in area between suspect's pockets, belt and genitals during pat-down search, had probable cause to seize drugs from inside suspect's underwear).

Finally, once the crack cocaine was recovered from the defendant, Officers Stevens, Peake and Young had probable cause to arrest him. "Probable cause to arrest requires the existence of facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person in believing that the suspect has committed, is committing, or is about to commit an offense." United States v. Wesley, 293 F.3d 541, 545 (D.C. Cir. 2002) (quotations and citations omitted) . The probable cause standard merely requires the showing of a "fair probability" that a crime has been or is being committed. See Illinois v. Gates, 462 U.S. 213, 246 (1983) ("probable cause does not demand the certainty we associate with formal trials[;] [i]t is enough that there was a fair probability"). It is beyond dispute that once an officer has recovered 14 grams of crack cocaine from an individual, that officer has sufficient probable cause to arrest that individual for a violation of the narcotics laws.

### III.   Conclusion

WHEREFORE, the government respectfully requests that the Court deny the defendant's Motion to Suppress Evidence.

        Respectfully submitted,

        KENNETH L. WAINSTEIN
        United States Attorney

        _____
        RACHEL CARLSON LIEBER
        ASSISTANT UNITED STATES ATTORNEY
        D.C. Bar No. 456491
        U.S. Attorney's Office
        Organized Crime & Narcotics Trafficking Section
        555 4th Street, N.W., Room 4820
        Washington, DC 20530
        (202) 353-8055   FAX:  (202) 514-8707

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing was caused to be served by Electronic Court Filing on counsel for the defendant, Lara G. Quint, Esquire, Assistant Federal Public Defender, 625 Indiana Avenue, N.W., Suite 550, Washington, D.C.  20004, this 31st day of August, 2005

_____
Rachel Carlson Lieber
Assistant United States Attorney